The appellant, Larcena Gail Harris, was convicted of criminally negligent homicide, a violation of § 13A-6-4, Code of Alabama 1975. She was sentenced to serve one year in the Mobile County jail.
The evidence tended to show that the appellant killed Jeremiah Pugh, her live-in boyfriend. The appellant and Pugh were having a dispute when she hit him with a piece of glass cookware. The cookware broke and a sharp edge cut into Pugh's jugular vein. He bled to death. *Page 1160 
The appellant argues that the circuit court erred in allowing testimony concerning her post-Miranda[1] silence to be received into evidence. The following testimony of police officer James Cooper is at issue:
 "Q. Tell us what happened after you got back to the Police Department.
 "A. I come in, I put up my camera equipment and that is when she was telling me about she wanted to use the phone and I directed Officer Smith to go on and do it and at this time she looked up at me and she said, 'Who are you?' and I said, 'I am Detective Cooper and I will be the one assigned to this case.' She said, "I want to talk to you.' I said, 'Ma'am, I can't talk to you because you were advised of your rights earlier and you didn't want to make a statement.' She said, 'I'm willing and want to make a statement to you at this time.' " (Emphasis added.)
The appellant objected to the testimony underlined above, and the court overruled the objection. He moved for a mistrial and the circuit court denied the motion.
The Fifth Amendment of the Constitution of the United States, a part of the Bill of Rights, provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself. . . ." See also Ala. Const, Art. I, § 6.
 ". . . In Miranda v. Arizona, 384 U.S. 436, 468, n. 37, 86 S.Ct. 1602, 1625 [n. 37], 16 L.Ed.2d 694
(1966) the Supreme Court of the United States announced in dictum that
 " 'it is impermissible to penalize an individual for exercising his Fifth Amendment privilege when he is under police custodial interrogation. The prosecution may not, therefore, use at trial the fact that he stood mute or claimed his privilege in the face of accusation.' "
Timmons v. State, 410 So.2d 454, 456 (Ala.Cr.App. 1981). (Emphasis supplied.)
This court, in Houston v. State, 354 So.2d 825, 828
(Ala.Cr.App. 1977), cert. denied, 354 So.2d 829 (Ala. 1978), held:
 "[T]he use of the post-arrest, post-Miranda warning silence of the accused as evidence of his guilt is a violation of the Due Process Clauses of both the Fourteenth Amendment to the Constitution of the United States and [Article I] Section Six of the Alabama Constitution of 1901."
The facts of this case are similar to those inTimmons, in which a police officer gave the following testimony:
" 'Q. You showed her this one without the cap?
" 'A. Yes.
" 'Q. With five other — four other people?
" 'A. Yes.
 " 'Q. Did you do anything more in the course of your investigation after you showed her all these pictures?
 " 'A. I talked to Timmons and advised him of his rights and he refused to make any statement at all to me until he conferred with an attorney.' "
Timmons, 410 So.2d at 455. In Timmons in was held that the receipt into evidence of the testimony was reversible error. However, the circuit court might have corrected the error with an instruction to the jury. That aspect of the law does not present itself here; the circuit court gave no curative instruction.
It is irrelevant that the testimony concerning the appellant's silence was not elicited by the prosecution.
 "It is commendable that the record does not show any effort on the part of counsel for the State to make capital of the unfortunate statement by the witness. Nevertheless, this did not relieve the evidence of its highly prejudicial nature. It tended to hurt the defendant just as much as if it had been intentionally brought into the case by counsel for the prosecution."
Timmons, 410 So.2d at 456-57.
The receipt into evidence of testimony concerning an accused's post-Miranda exercise of the constitutional right to remain silent is itself a violation of the *Page 1161 
accused's constitutional right to remain silent. Doyle v. Ohio,426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); Houston v.State, 354 So.2d 825 (Ala.Cr.App. 1977), cert. denied,354 So.2d 829 (Ala. 1978). The receipt of this evidence, may be harmless. "An error involving an infringement of a defendant's constitutional right can be held harmless only if the court isable to declare beyond a reasonable doubt that the error washarmless." Houston, 354 So.2d at 828. (Emphasis added.) Here, it cannot be concluded that beyond a reasonable doubt, the error was harmless. The jury heard the testimony, and no curative instruction was given to it.
For the above reasons, we reverse the judgment of the circuit court and remand this cause to the circuit court for Mobile County for proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur, except MONTIEL, J., concurs in result only.
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966).